**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARY JUMONVILLE,**<br>　　**Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  26-347** |
| **MDS SERVICES GROUP CORP.,**<br>**ET AL.,**<br>　　**Defendants** | **SECTION: "E" (2)** |

**ORDER AND REASONS**

Before the Court is a motion to remand filed by Plaintiff Mary Jumonville ("Plaintiff").[1] Defendants MDS Services Group Corporation ("MDS") and Sosa Alvarez Sellini ("Sellini") (collectively "Defendants") filed a response.[2] Plaintiff filed a reply.[3]

**BACKGROUND**

This case arises out of a vehicular accident that occurred in St. Charles Parish.[4] Plaintiff alleges that Sellini, while driving her truck on US 90 in St. Charles Parish and in the scope of her employment with MDS, struck Plaintiff's car and caused Plaintiff injury.[5] Plaintiff alleges Sellini was negligent in her operation of her truck.[6] On December 15, 2025, Plaintiff filed a petition in the Civil District Court for the Parish of St. Charles in the State of Louisiana.[7] Plaintiff argues she effected long-arm service on Defendant, MDS Services Group Corp. on January 5, 2026, via certified mail to its principal place of business at 4510 SW 137th Ct, Miami, Florida 33175.[8] Plaintiff argues she effected long-

---

[1] R. Doc. 12.
[2] R. Doc. 13.
[3] R. Doc. 15.
[4] R. Doc. 1-1 at ¶ 4.
[5] *Id.* at ¶ ¶ 4-5.
[6] Id. at ¶ 7.
[7] R. Doc. 1-1.
[8] R. Doc. 12-3.

1

arm service on Defendant, Sosa Alvarez Sellini, via certified mail to her home address on January 8, 2026.[9]

On February 13, 2026, Defendants jointly filed a Notice of Removal removing this case to this Court.[10] Defendants assert this Court has federal diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332.[11] On February 23, 2026 this Court ordered Defendants to amend their Notice of Removal and provide "summary-judgment-type evidence" demonstrating that the amount in controversy in this case exceeds $75,000.[12] On March 5, 2026, Defendants filed a response to the Court's order, representing that they planned to issue discovery to Plaintiff in order to secure additional information regarding the amount in controversy in this matter.[13] On March 5, 2026, the Court issued an order allowing Defendants to conduct discovery regarding the amount in controversy and requiring them to file their amended notice of removal on or before April 6, 2026.[14]

On March 10, 2026, Plaintiff filed a Motion to Remand.[15] Plaintiff argues this Court should remand this matter to state court because Defendants did not file their joint Notice of Removal until February 13, 2026—more than thirty days after the date each Defendant received the petition via certified mail.[16] Plaintiff provided a return receipt for the petition sent to MDS executed by Enrique Morato on January 5, 2026.[17] Plaintiff provided a return receipt sent to Sellini's residence and executed by Alberto Sellini, Sosa Alvarez Sellini's father, on January 8, 2026.[18]

---

[9] R. Doc. 12-5.
[10] R. Doc. 1. at p. 1.
[11] *Id.* at ¶ 14
[12] R. Doc. 6.
[13] R. Doc. 10.
[14] R. Doc. 11.
[15] R. Doc. 12.
[16] *Id.* at pp. 6-7.
[17] R. Doc. 12-4.
[18] R. Doc. 12-6.

Defendants argue that, while Plaintiff's petition was delivered to MDS's corporate address via certified mail on January 5, 2026 and Selini's residence via certified mail on January 8, 2026, the petition was not "received" by MDS's registered agent or Sellini herself until January 16, 2026.[19] Defendants argue the thirty-day window in which they could remove this matter did not begin to run until MDS's registered agent, Armando Martinez, *received* the petition on January 16, 2026[20] and Sellini *received* a copy of the initial pleading on January 16, 2026.[21] Defendants argue they jointly removed this matter on February 13, 2026—within thirty days of January 16, 2026—making their notice of removal timely.[22] Defendants argue, in the alternative, that because it was not facially apparent from Plaintiff's state court petition that the amount in controversy exceeds $75,000 and because neither Defendant is currently in possession of other evidence demonstrating that the amount in controversy exceeds the jurisdictional threshold, the thirty-day window to file their notice of removal has not yet begun to run, making Plaintiff's Motion to Remand premature.[23]

## **LAW AND ANALYSIS**

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress.[24] Federal law allows for state civil suits to be removed to federal courts in certain instances.[25] When removal is based on federal diversity jurisdiction, the removing party must show that (1)

---

[19] R. Doc. 13 at pp. 3-4.
[20] R. Doc. 13-1.
[21] Defendants argue that Sellini did not receive the petition until she returned home on January 16, 2026 but no evidence of this fact is provided.
[22] R. Doc. 13 at p. 4.
[23] *Id.* at 3.
[24] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[25] 28 U.S.C. § 1441(a).

complete diversity of citizenship exists between the parties, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[26] "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[27]

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction.[28] The removal statute is strictly construed.[29] Doubts concerning removal are to be construed against removal and in favor of remand to state court.[30]

## I. Plaintiff's petition affirmatively alleged that the value of her claim exceeds "the amount necessary for federal diversity jurisdiction."

The federal removal statute imposes mandatory time limits for filing a notice of removal.[31] When removability is apparent based on the initial pleading, a defendant must file a notice of removal within thirty days of receipt of that pleading.[32] When the initial pleading does not indicate that the action is removable, the defendant may remove the matter within thirty days of receiving an amended pleading, motion, order, or other paper from which removability may be ascertained.[33] The Fifth Circuit in *Chapman v. Powermatic, Inc.* established a "bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal

---

[26] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

[27] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[28] 28 U.S.C. § 1447(c).

[29] *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility,* No. 94–1450, 1995 WL 479719, at *2, (E.D.La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n,* 712 F.Supp. 85, 87 (E.D.La.1989) (Feldman, J.)).

[30] *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002).

[31] 28 U.S.C. § 1446(b).

[32] 28 U.S.C. § 1446(b)(1).

[33] 28 U.S.C. § 1446(b)(3).

jurisdictional amount."[34] An untimely notice of removal constitutes a procedural defect requiring remand of the action to state court.[35]

Importantly, the Fifth Circuit has distinguished disputes regarding the timeliness of removal from disputes regarding the amount in controversy.[36] In other words, the question of whether an initial pleading affirmatively alleges that the amount in controversy exceeds $75,0000, thereby triggering the thirty-day removal period, is a separate question from whether the amount in controversy actually exceeds $75,000.[37]

Plaintiff points out that she affirmatively alleged in her state court complaint that the value of her claim exceeds "the amount necessary for federal diversity jurisdiction."[38] Plaintiff argues this allegation made it facially apparent from her petition that she sought damages in excess of the jurisdictional threshold.[39] As a result, Plaintiff argues the thirty day-removal period for MDS and Sellini began upon their receipt of Plaintiff's initial pleading.[40]

Defendants argue that Plaintiff did *not* allege in her state court petition that the amount in controversy exceeds $75,000.[41] Defendants further argue they have not yet received information demonstrating that the amount in controversy exceeds $75,000.[42] Defendants point to this Court's order requiring them to provide summary judgment type evidence that the amount in controversy exceeds $75,000 as evidence that the amount in

---

[34] 969 F.2d 160, 163 (5th Cir. 1992).
[35] *See Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 103 (5th Cir. 1996) ("Section 1447(c) allows remand only for (1) defects in removal procedure or (2) lack of subject matter jurisdiction.").
[36] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 398 (5th Cir. 2013).
[37] *See id; Quest v. Church Mut. Ins. Co.*, No. CIV.A. 13-4872, 2013 WL 6044380, at *2 (E.D. La. Nov. 13, 2013).
[38] R. Doc. 1-1 at ¶ 10.
[39] R. Doc. 15 at p. 6.
[40] *Id.*
[41] R. Doc. 13 at p. 3.
[42] *Id.*

controversy in this matter is ambiguous and indeterminate.[43] Defendants argue this establishes that it was not facially apparent from Plaintiff's state court petition that the amount in controversy exceeds $75,000 and, because they have not received information demonstrating that the jurisdictional amount is met, their thirty-day window to remove this matter has not begun, meaning their joint notice of removal cannot be untimely.[44]

The Fifth Circuit in *Chapman* established that the thirty-day removal period begins upon a defendant's receipt of the initial pleading when the pleading affirmatively states that the plaintiff seeks damages in excess of "the federal jurisdictional amount."[45] *Chapman* does not require a plaintiff to allege that she seeks damages in excess of a specific dollar amount but only that the damages are in excess of the federal jurisdictional amount.[46] In this matter, Plaintiff clearly alleges in her state court petition that the value of her claim "exceeds the amount necessary for diversity jurisdiction."[47] Accordingly, MDS and Sellini's thirty day period to remove this matter began upon their receipt Plaintiff's initial pleading.

## II.   MDS received Plaintiff's initial pleading on January 5, 2026 and Sellini received Plaintiff's initial pleading on January 8, 2026.

To determine whether Defendants timely removed this matter, the Court must determine when each Defendant received a copy of Plaintiff's initial pleading. 28 U.S.C. § 1446(b)(1) provides that:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial

---

[43] *Id.* Defendants misinterpret this order. The Court ordered Defendants to provide summary judgment type evidence demonstrating that the amount in controversy actually exceeded $75,000; the Court did not hold that Plaintiff's allegations were insufficient to trigger the thirty-day removal window.
[44] *Id.* at pp. 1-3.
[45] 969 F.2d 160, 163 (5th Cir. 1992).
[46] *See* id.
[47] R. Doc. 1-1 at ¶ 10.

pleading setting forth the claim for relief upon which such action or proceeding is based[.][48]

In addition, "[i]f defendants are served at different times, and a later served defendant files a notice of removal, any earlier-served defendant may consent to the removal[.]"[49] Accordingly, the Court must determine when each Defendant received a copy of Plaintiff's complaint "through service or otherwise."

Fed. R. Civ P. 4(e)(1) allows an individual defendant to be served in any manner consistent with the forum state's law for serving summons; Rule 4(h)(1)(A) allows a corporation to be served in the same manner. Louisiana's long-arm statute provides that "[a] court may exercise personal jurisdiction over a nonresident, who acts directly, or by an agent," to commit an offense in the forum state that results in injury or damage.[50] A "nonresident" defendant includes an individual not domiciled in Louisiana as well as a corporation or limited liability company which is not organized under the laws of, and is not licensed to do business in, Louisiana.[51] The long arm-statute further provides that service may be effectuated on such out of state defendants by sending a copy of the petition to the defendant by registered or certified mail.[52] Courts applying Louisiana's long arm-statute have specifically held that in order for service to be effectuated, a plaintiff need only *send* a copy of the complaint to the defendant.[53] The statute does not require the defendant to sign a return receipt in order for service to be effective, nor does the statute prohibit a defendant's family member from accepting service.[54]

---

[48] 28 U.S.C. § 1446(b)(1)(emphasis added).

[49] 28 U.S.C. § 1446(b)(2)(c).

[50] La. Rev. Stat. § 13:3201(A)(3).

[51] La. Rev. Stat. § 13:3206.

[52] La. Rev. Stat. § 13:3204(A).

[53] *See Stogner v. Neilsen & Hiebert Sys., Inc.*, No. CIV A 07-4058, 2008 WL 4587304, at *2 (E.D. La. Oct. 15, 2008); *HTS, Inc. v. Seahawk Oil & Gas, Inc.*, 889 So. 2d 442, 444-45 (La. App. 3 Cir. 2004).

[54] *Thomas Organ Co. v. Univeral Music Co.*, 261 So.2d 323, 327 (La. Ct. App. 1972).

Plaintiff has provided evidence showing that she served MDS through certified mail, which MDS received at its Florida principal address on January 5, 2026, and served Sellini through certified mail, which she received at her residence on January 8, 2026.[55] Plaintiff argues that, because Defendants did not remove this matter until February 13, 2026, more than 30 days from either service, their removal was untimely.[56]

Defendants point to *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* a case in which the Supreme Court recognized that a defendant must receive a copy of the initial pleading, along with formal service, in order for the thirty day removal period to begin.[57] Defendants state that, while Plaintiff filed a return receipt for long-arm service on MDS on January 5, 2026, the envelope containing notice of this lawsuit was received and signed for by Enrique Morato, who is not MDS's registered agent for service.[58] Defendants attached a declaration by Morato in which he states that upon receipt of the mail containing the initial pleading, he placed the mail in his mail bin, as he is not authorized to accept service or open mail on behalf of MDS.[59] Morato further states in his declaration that he provided the mail to Armando Martinez, MDS's registered agent for service, on January 16, 2026.[60] Defendants argue Sellini's father received a copy of the initial pleading on January 8, 2026, while Sellini was away from home working as an interstate trucker, but that she was unaware of the lawsuit until she returned home on January 16, 2026. Defendants argue that, because MDS's registered agent and Sellini herself did not

---

[55] R. Docs. 12-3 and 12-5
[56] *Id.*
[57] 526 U.S. 344, 354–55 (1999).
[58] R. Doc. 13 at p. 3.
[59] R. Doc. 1-5.
[60] *Id.*

receive the complaint until January 16, 2026, their thirty-day removal window did not begin until that day, making their February 13, 2026 joint notice of removal timely.[61]

Defendants' joint notice of removal was untimely. MDS is a corporation organized in Florida and not qualified to do business in Louisiana, and Defendant Sellini is domiciled in Florida.[62] As a result, both Defendants qualify as "non-residents" and may be served under Louisiana's long arm statute.[63] Louisiana's Long arm statute allows a plaintiff to effect service on a defendant simply by sending the petition by certified mail to the defendant.[64] The statute does not require that a defendant's registered agent for service of process receive the petition or that the defendant sign a return receipt in order to have received service.[65] In addition, the statute does not state that the service is void if a defendant's family member, and not the defendant herself, receives the certified mail.[66] Plaintiff sent her state court petition by certified mail to MDS at its Florida corporate address and to Sellini at her residence.[67] MDS received Plaintiff's complaint "through service or otherwise" on January 5, 2026, when the petition was delivered by certified mail to its corporate office and Morato signed for it.[68] Selini received the complaint through service on January 8, 2026, when the petition was delivered by certified mail to her residence and her father signed for it.[69] Finding otherwise would create a rule ripe for abuse—defendants could delay the start of the removal period by claiming that mail was

---

[61] *Id.* at p. 5.
[62] R. Doc. 1 at ¶ ¶ 9-10.
[63] La. Rev. Stat. § 13:3206.
[64] La. Rev. Stat. § 13:3204(A).
[65] *See id; Thomas Organ Co. v. Univeral Music Co.*, 261 So.2d 323, 327 (La. Ct. App. 1972).
[66] *Thomas Organ*, 261 So.2d at 327.
[67] R. Doc. 12-1 at p. 7.
[68] R. Doc. 12-1 t p. 7.
[69] *Id.*

misplaced and never actually received by the intended recipient or that a person improperly withheld mail from the actual defendant.

While Defendant's cite *Murphy* for the proposition that Sellini and MDS's registered agent must be in actual possession of the complaint in order for the removal period to begin, that case does not support this position. Rather, the Supreme Court in *Murphy* held that the thirty-day removal window is not triggered by mere receipt of the initial complaint before formal service occurs.[70] In this matter, formal service occurred when Plaintiff sent MDS and Sellini the petition through certified mail, and both Defendants received the complaint through this method of service. Accordingly, for purposes of calculating the thirty-day removal period, MDS received the complaint on January 5, 2026, and Sellini received the complaint on January 8, 2026.

## III.   Defendants' joint notice of removal was untimely.

Defendants' joint notice of removal was untimely. A defendant has thirty days from receipt of the petition, "through service or otherwise," to remove an action.[71] "If defendants are served at different times, and a later served defendant files a notice of removal, any earlier-served defendant may consent to the removal[.]"[72] Sellini was the later served Defendant, as the initial pleading was delivered to her residence on January 8, 2026, three days after MDS received the initial pleading.[73] Sellini had thirty days from January 8, 2026 to file her notice of removal, which MDS could join.[74] Defendants did not file the joint notice of removal until February 13, 2026, more than 30 days later.[75]

---

[70] 526 U.S. 344, 347-48 (1999).
[71] 28 U.S.C. § 1446(b)(1).
[72] 28 U.S.C. § 1446(b)(2)(c).
[73] R. Doc. 12-1 at p. 7.
[74] 28 U.S.C. § 1446(b)(2)(c).
[75] R. Doc. 1.

Accordingly, Defendants' joint notice of removal was untimely, and the Court will remand this matter to state court.

## CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion to Remand is **GRANTED**.[76]

**IT IS FURTHER ORDERED** that this case is hereby remanded to the 29th Judicial District Court for the Parish of St. Charles.

**New Orleans, Louisiana, this 2nd day of April, 2026.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[76] R. Doc. 12.

11